431 So.2d 104 (1983)
STATE of Louisiana
v.
Louis ROBINSON.
No. 82 KA 0871.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee by Leila Withers, Asst. Dist. Atty.
Kathleen Richey, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Defendant Louis Robinson was originally charged with attempted first degree murder *105 and aggravated burglary arising from the single incident described herein. He later pled guilty to aggravated battery and aggravated burglary (see LSA-R.S. 14:34 and 14:60 respectively). He was sentenced, after a pre-sentence investigation, to 10 years at hard labor for each offense, the sentences to run concurrently.
The defendant was found smoking marijuana in a freezer room of a Baton Rouge business which was off limits to customers. The iron bar which locked the freezer door was found to have been bent in an attempt to break in. The defendant attempted to walk out of the place of business, and the proprietor attempted to stop him. The defendant lunged at him with a knife, inflicting a cut on the proprietor's forearm (which required twenty-two stitches at a Baton Rouge hospital) when the proprietor raised his arm to shield himself.
The proprietor then followed the assailant outside to his car, where the assailant-defendant said, "Do you want to see my gun now?" The defendant was arrested by a state trooper who was on the scene.
The defendant specified two assignments of error in the trial court's judgment. The first assignment of error, that the trial court erred in finding probable cause, was not briefed and is therefore considered abandoned. State v. Perry, 420 So.2d 139 (La.1982).
In his second assignment of error, the defendant argues that the trial court imposed an excessive sentence. The defendant was convicted of two crimes, aggravated burglary and aggravated battery. He was sentenced to 10 years at hard labor for aggravated burglary, which under LSA-R.S. 14:60, carries a maximum sentence of 30 years at hard labor. The defendant was also sentenced to serve 10 years at hard labor, the maximum sentence under LSA-R.S. 14:34, for aggravated battery. The two ten year sentences are to run concurrently. It is the imposition of the maximum sentence for aggravated battery which the defendant appeals as excessive.
An excessive sentence has been defined by the courts as being one grossly out of proportion to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence may be within statutory limits and still be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and the worst kind of offender. State v. Jones, 398 So.2d 1049 (La.1981). The trial judge has wide discretion in the imposition of sentences, given compliance with the statute; and sentences imposed will not be set aside in the absence of manifest abuse of discretion. State v. Brown, 395 So.2d 1301 (La. 1981).
Article 894.1 of the Louisiana Code of Criminal Procedure sets forth sentencing guidelines for the court. The article states three general conditions under which a court should impose a prison sentence: undue risk that the defendant will commit another crime; the defendant is in need of correctional services provided by the institution; or a lesser sentence will deprecate the seriousness of the crime. The statute lists another eleven factors which are not controlling but which must be considered in the court's determination of the severity of the sentence. The third part of the statute requires the trial court to state for the record the considerations taken into account and the factual basis therefor when imposing sentence.
In State v. Jackson, 360 So.2d 842 (La.1978), the Louisiana Supreme Court listed the general types of factors which should be reviewed before the court determines that a particular sentence in consideration should be applied to a particular offender. These factors include the defendant's personal history (age, mental status, dependants, family, stability, employment, mental, emotional and physical health), defendant's prior criminal history, the seriousness of the crime, the circumstances of the offense, the likelihood that the defendant will commit another crime, and his potential for rehabilitation.
*106 As we previously observed in State v. Jackson, supra, one of the factors to consider is the defendant's prior criminal history. Here, the prior record is substantial, and consists of previous offenses similar in nature to those for which he is currently being prosecuted. In 1977 the defendant was convicted of simple robbery, simple battery, and felony theft. He was sentenced to three years, given credit for time served, and probation for five years. In 1978, he was convicted of felony theft and again given probation. In 1980, he was charged with the present offenses of aggravated battery and aggravated burglary, to which he pled guilty. Subsequent to being charged with the crimes in the present case, and while on probation, the defendant pled guilty to aggravated assault and was sentenced to six months in the parish prison, and his probation was then revoked.
We find that the trial judge correctly took into account the prior criminal history, not only as a consideration in and of itself but also as an indication of the defendant's propensity to commit another crime, and his obvious need for rehabilitation.
We consider the trial judge's reasoning sound in imposing sentence in this matter.
AFFIRMED.