452 So.2d 222 (1984)
STATE of Louisiana
v.
Dorothy WALL.
No. 83 KA 1137.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*223 Ossie Brown, Dist. Atty. by Glen Petersen, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Ralph Brewer, Baton Rouge, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Defendant was arrested and charged with forgery and felony theft. She was accused of forging a check in the amount of $25,000 payable to an investment company named Rudolf Wolfe and drawn on the account of Power Packing Company of Baton Rouge.
*224 The check in question was made payable to Rudolf Wolfe in order for the investment company to make investments for the benefit of Power Packing. The president of Power Packing had given the check to Carolyn Wall, daughter of the defendant, so that the check would be mailed to Rudolf Wolfe. Carolyn Wall was a secretary at Power Packing and had been employed in that position for approximately ten years.
The defendant presented the check at Capital Bank & Trust in Baton Rouge to be cashed. The branch manager testified that the defendant identified herself as "Marie Wolfe." She stated that the check was payment for injuries which her husband had received as a result of a work related accident. Rather than taking the entire amount in cash, the manager sought to persuade her to open an account at the bank. Defendant then left the bank under the pretense of asking her husband if he wanted to open an account. The following day she returned and stated that her husband did not trust banks, and therefore, did not wish to open an account.
The bank manager proceeded to insure that the check was valid. He telephoned Power Packing to verify the check. When the manager asked to speak with the president of the company, the woman on the phone who identified herself as Kathy Grant stated that she cut the check and that in fact the check was valid. In reality there was no employee of Power Packing named Kathy Grant. The check was endorsed on the back with the names "Rudolph Wolfe and Marie Wolfe."
When the President of Power Packing discovered the forgery the bank was notified. Suspicion focused on the employee, Carolyn Wall, who had been given instructions to mail the check. Investigators discovered that the defendant served time for a similar offense. A check of the computer time sheet showed that the person answering the phones at the time when the bank manager spoke to "Kathy Grant" was Carolyn Wall.
Officers at the sheriff's office compiled a photo array and asked the bank manager to attempt to identify the woman who cashed the check. A positive identification of the defendant was made. The officers went to the Power Packing offices to speak with Carolyn Wall. Carolyn Wall made statements inculpating herself and the defendant. The two were charged with one count of forged endorsement and one count of felony theft. The defendant, Dorothy Wall, was convicted as charged on both accounts. In this appeal defendant presents twelve (12) issues for review.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred in refusing to grant her motion for discovery on the basis that it was untimely filed. La.Code Crim.Pro. art. 521 states in part that pretrial motions shall be filed within 15 days after arraignment unless a different time is fixed upon a showing of good cause. La.Code Crim.Pro. art. 729 states in part that a motion for discovery may be considered before trial upon a showing that such a motion is in the interest of justice.
Defendant did not give any reasons for the failure to timely file the motion for discovery, nor was any showing of good cause made to allow additional time to file. Also, defendant gave no showing that the granting of the motion for discovery would be in the interest of justice. Absent compliance with Art. 521 and Art. 729 the trial judge's actions were correct. State v. Freeman, 409 So.2d 581 (La.1982); State v. Reed, 378 So.2d 923 (La.1979).
Additionally, defendant's assignment of error is foreclosed due to the fact that the state complied with defendant's request for discovery a month prior to trial. Therefore, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 5
In assignment of error number two, defendant alleges that the trial court erred by refusing to grant a hearing on defendant's motion to quash the bill of information. In assignment of error number five, defendant *225 alleges that the trial court erred by refusing to grant the motion to quash.
Defendant moved to quash the bill of information on the ground that the arrest was made without probable cause. The trial court denied the motion as untimely filed; in addition, it noted that, even if timely filed, the allegations did not entitle defendant to relief sought.
We find no error in the ruling of the trial court. The motion to quash was not timely filed. La.Code Crim.Pro. art. 521; La.Code Crim.Pro. art. 535. Further, lack of probable cause to arrest is not a ground to quash the bill of information. State v. Smith, 357 So.2d 798 (La.1978). The court did not err by refusing to grant a hearing thereon or in denying defendant's motion.

ASSIGNMENT OF ERROR NO. 3
In assignment of error number three, defendant asserts the trial court erred in limiting cross-examination of a witness during the hearing on the motion to suppress.
At the hearing on defendant's motion to suppress the statements made by her daughter, R.D. King, the Security officer of Capital Bank & Trust Co. revealed that he had been employed by the Orlando Police Department several years previously. Defense counsel then asked Mr. King how long he had been a police officer. The state objected to the question on the ground of relevancy, and the trial court sustained the objection.
Relevant evidence is generally defined as that evidence tending to show the commission of the offense and the intent or tending to negative the commission of the offense and the intent. La.R.S. 15:441. The relevancy of evidence must be determined by the purpose for which it is offered. La.R.S. 15:442. The trial court has wide discretion in determining the relevancy of evidence, and its determination will not be overturned absent a clear showing of abuse. State v. West, 419 So.2d 868 (La.1982).
Defendant argues that his question was relevant to show bias, prejudice and hostility toward defendant. We disagree. None of the prior testimony by the witness gave the slightest indication of bias, prejudice or hostility. We do not believe his credibility would have been impeached by further questioning along this line. We find no error in the trial court's ruling.

ASSIGNMENT OF ERROR NO. 4
Defendant argues that the trial court erred by not suppressing the confession of Carolyn Wall.
Without deciding the issue of whether or not defendant had standing to request suppression of her daughter's confession, we feel that this assignment of error is without merit. The defendant and her daughter were tried separately in accordance with La.Code Crim.Pro. art. 495.1. Further, the confession of Carolyn Wall was not entered into evidence during the trial, thereby, rendering any argument in favor of suppression moot. State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983).

ASSIGNMENT OF ERROR NO. 6
In this assignment defendant contends that the trial court erred by permitting hearsay testimony to be introduced, thereby severely damaging defendant's case.
The testimony objected to was related by Paul Vilmarette, the branch manager of Capital Bank, who spoke to the woman who claimed to be "Marie Wolfe," the endorser of the check who received the funds, and who was subsequently identified by this witness as the defendant. The court over-ruled defendant's objection to this testimony, noting that it was a part of the res gestae, and therefore admissible. We agree.
The res gestae is comprised of the circumstances and declarations which are necessary incidents of the criminal act; immediate concomitants of it, or form with it one continuous transaction. La.R.S. 15:448. What forms any part of the res gestae is always admissible into evidence. La.R.S. 15:447.
*226 In State v. Sharp, 414 So.2d 752, 754 (La.1982), the Louisiana Supreme Court stated:
"In Louisiana, the res gestae doctrine is broad and includes not only spontaneous utterances and declarations made before or after the commission of a crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during or after the commission of the crime, provided the requirements for the introduction of such evidence have been met. R.S. 15:447, State v. Kimble, 407 So.2d 693 (La.1981); State v. Molinario, 383 So.2d 345 (La. 1980), cert. den. 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106; appeal after remand 400 So.2d 596 (La.1981). In order to qualify as part of the res gestae, the circumstances and declarations must be necessary incidents of the criminal act or immediate concomitants of it, or form in conjunction with it one continuous transaction. R.S. 15:448. Therefore, a very close connexity is required between the charged offense and the evidence of other crimes. State v. Haarala, 398 So.2d 1093 (La.1981). State v. Lawson, 393 So.2d 1260 (La.1981). This close connexity in time and location is essential to the exception because no notice is required by the state of its intention to introduce evidence which forms part of the res gestae. R.S. 15:447; C.Cr.P. 768, State v. Haarala, supra. State v. Brown, 352 So.2d 690 (La.1977)."
In the present case, it is clear that the evidence was properly admitted under the res gestae doctrine.
The fabricated tale related by defendant which induced the bank officer to cash the check was necessarily a part of the criminal transaction. The res gestae included the conversation with "Kathy Grant" at Power Packing because the verification of the check was an important part of the forgery scheme. We find no error in the ruling of the trial court.

ASSIGNMENTS OF ERROR NOS. 7 AND 9
In these assignments, defendant argues that the trial court erred in permitting Mr. Vilmarette to narrate the chain of events, including the testimony of "Marie Wolf," which led to the cashing of the check. She also argues error in the ruling of the trial court requiring defense counsel to object each time he felt the witness testified improperly, rather than making a general objection to the style of the testimony.
The trial court is vested with sound discretion with regard to the control of examination of a witness, La.R.S. 15:275, including the issue of narrative testimony. State v. Peters, 302 So.2d 888 (La.1974); cert. den. 423 U.S. 878, 96 S.Ct. 151, 46 L.Ed.2d 111 (1975); La.R.S. 15:275. Control over the examination of a witness is within the sound discretion of the trial judge, and a ruling thereon will not be disturbed absent a showing of abuse of discretion. State v. Carter, 363 So.2d 893 (La.1978). We find no showing of abuse herein.

ASSIGNMENTS OF ERROR NOS. 8 AND 10
In these assignments of error, defendant argues that the trial court erred in failing to restrict conduct by the prosecutrix, specifically by permitting her to argue the merit of the case during trial and to nod her head during testimony of a state witness.
During the testimony of a witness, defendant objected to the method by which he narrated his testimony. The prosecutrix stated: "Judge, I asked for the nature of the conversation. Of course, he has the right to repeat it. If counsel finds it damaging to his client. I am sorry."
Defendant argues that the prosecutrix was arguing the merits of the testimony to the jury. Defendant also objected during cross-examination of a witness that the prosecutrix was nodding her head suggesting answers to the witness.
The proper remedy for defendant to request would have been an admonition to the jury, or mistrial. La.Code Crim.Pro. 771, 775. Defendant failed to request either *227 of these remedies at trial, therefore, she effectively waived the right to do so after trial. State v. White, 430 So.2d 174 (La.App. 2d Cir.1983); State v. Mitchell, 412 So.2d 547 (La.1982); State v. Bolton, 408 So.2d 250 (La.1981).

ASSIGNMENT OF ERROR NO. 11
In this assignment defendant asserts that the trial court erred in disallowing her to cross-examine Marshall Perry Vase. Defendant questioned Marshall Perry Vase, the general manager of Power Packing Company, about the investment relationship between Power Packing and the Rudolf Wolfe Investment Company. The state objected to the questions on the ground that they were irrelevant, and the court sustained the objection. Defense counsel argued that information about the relationship between Power Packing and the investment company, and whether the company ever received the funds, was relevant to determine whether a theft had actually occurred. Two officers from Capital Bank had already testified that the bank sustained a loss of $25,000. Since neither Power Packing nor Rudolph Wolfe were the victims of the loss, the investment relationship was irrelevant. The trial court correctly sustained the state's objections.

ASSIGNMENT OF ERROR NO. 12
Defendant argues that the state failed to prove every element of the offense charged and that the jury verdict is unsupported by the evidence.
We find the record supports the conviction on both counts when viewed in the light most favorable to the state. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Witnesses who worked at the bank testified that the defendant presented the check with the false endorsement of "Rudolf Wolfe and Marie Wolfe." The first time the check was presented for payment there only appeared the endorsement of "Rudolf Wolfe." When it was presented the following day the witness saw defendant add the endorsement of "Marie Wolfe."
The check for $25,000 was not intended for an individual, but for a company. The president of Power Packing testified that the check was not intended to be, nor was authorized to be paid to any party other than the investment company. The two bank officers who testified stated that the bank absorbed the $25,000 loss.
We find the record amply supports the conviction.
Therefore, the conviction and sentence are affirmed.
AFFIRMED.