471 So.2d 255 (1985)
STATE of Louisiana
v.
Victor J. WILLIAMS, Jr.
No. KA 84 0568.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*257 Bernard E. Boudreaux, Jr., Dist. Atty., Franklin, for appellee.
Robert P. Fuhrer, Chief Indigent Defender, Morgan City, for appellant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
GROVER L. COVINGTON, Chief Judge.
Defendant, Victor J. Williams, Jr., was charged by bill of information with knowingly *258 or intentionally possessing 10,000 pounds or more of marijuana, in violation of LSA-R.S. 40:966(E)(3). A jury found defendant guilty as charged, and the trial court sentenced him to be imprisoned at hard labor for twenty years,[1] with credit for time served.
Defendant has appealed, alleging six assignments of error, as follows:
1. The trial court erred in ordering the destruction of the evidence ex parte in the instant case prior to the defendant having had an opportunity to exercise his discovery rights.
2. The verdict in the instant case does not comport with the law and the evidence of this case.
3. The trial court erred in refusing to grant a mistrial upon learning that a juror read a newspaper report of the trial while serving on the jury.
4. The trial court erred in its instruction to the jury by expanding the responsive verdicts to possession of controlled dangerous substances as set out in Code of Criminal Procedure Article 814 A(50).
5. The trial court erred in refusing to give four of six special written jury charges submitted by the defendant.
6. The sentence imposed on Victor Williams is excessive and violates his constitutional protection against cruel and unusual punishment.
Defendant did not brief assignment of error number two; therefore, it is considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
Around 2:00 o'clock in the morning of April 20, 1982, the St. Mary Parish Sheriff Department, the Louisiana State Police, and the United States Customs Department, working in conjunction, seized over 27,900 pounds of marijuana and made numerous arrests at the A-Z Terminal, or Atchafalaya Chemical Slip, near Amelia, Louisiana. Defendant, Victor J. Williams, Jr., was one of those arrested.
The investigation which ultimately led to the seizure and arrests began when defendant approached Officer James White on March 3, 1982, to see if he would like to earn a substantial amount of money for participating in a drug smuggling operation. White was requested to use his position as deputy sheriff to clear away or warn against police or civilian interference in the area where the contraband was to be unloaded.
White reported the incident to his superiors on March 7, 1982. Thereafter defendant told Officer White that 47,000 pounds of marijuana were to be loaded on a boat in Colombia, South America; and brought to the Bayou Black Shipyard area near Gibson, Louisiana, on March 26 or 29. Because this was outside of Officer White's jurisdiction, the site was changed to Calumet, an area within St. Mary Parish.
On March 25, the smuggling plans were jeopardized by heavy rains, which would have prevented the 18-wheeler trucks while loaded with marijuana, from entering or exiting the Calumet area and by the slow progress of the boat which, defendant told White, was being held up in the Yucatan Straights in the Caribbean.
Communication was broken between defendant and White until the middle of April, when defendant told the officer that the shipment was to be delivered within the next three or four days, but a site for the unloading was still not decided upon. White suggested the A-Z Terminal near Amelia. He considered that the area was suitable for efficient and safe police operations since the Terminal has only two roads, is away from the civilian population, and has only one river route to the Atchafalaya River which provides access to the Gulf. Defendant and his associates, after inspecting the area, accepted White's suggestion of Amelia as the unloading site.
Before entering the area, the marijuana was to be unloaded from the boat onto a green and white crewboat, to blend in with *259 the surrounding oil rig activity. During the morning of April 19, defendant arrived at White's house and gave him a stack of twenty-dollar bills as partial payment of the $10,000.00 he was to receive. Defendant thereupon told Officer White that the marijuana was to arrive at the A-Z Terminal at 12:30 a.m. that night. He also advised White which radio frequency would be used.
As scheduled, the described crewboat came down the river, hesitatedmomentarily went back up riverand finally docked at the A-Z Terminal. The law enforcement officers watched the activities for almost two hours until they were sure that no one else involved in the operation would arrive upon the scene, and then moved in to make the seizure and the arrests. The CHOCTAW, a triple-decker tugboat the officers had put in the area earlier that evening, rammed the side of the crewboat preventing its escape. The officers boarded the crewboat, arrested defendant and his associates, and seized the large quantity of marijuana, which was on board, draped with a black visqueen covering. The amount of marijuana seized was 751 bales, weighing in excess of 27,900 pounds. The marijuana was taken to the State Police Crime Lab, where every twentieth bale (or 38 bales) was tested, and it tested to be marijuana. On April 22, upon a district judge's order, all of it, excluding one bale and the samples taken from the 38 bales, was incinerated.

ASSIGNMENT OF ERROR NUMBER 3 (NO. 1 IN BRIEF):
Defendant argues that the trial court erred in refusing his motion for a mistrial under LSA-C.Cr.P. art. 775, upon learning that a juror read a newspaper article concerning defendant's case after trial had begun. Defendant claims the article was highly prejudicial and would have influenced any decision of guilt or innocence the juror would make. Additionally, the prejudicial effect of the article could have caused the juror, indirectly or directly, to influence the other jurors.
The granting of a mistrial is within the discretion of the trial court, and denial of mistrial will not be disturbed on appeal absent abuse of discretion. A motion for a mistrial under Article 775 should be granted only where a defendant suffers such substantial prejudice that he is deprived of any reasonable expectation of a fair trial. State v. Smith, 433 So.2d 688 (La.1983).
The substantial prejudice defendant alleges to have suffered results from a juror's reading of an article published by The Daily Review of Morgan City on October 25, 1983, the day after testimony had begun. The article gave a sketchy description of the situation involving defendant's case. The article stated that some of the 14 men captured for the crime had entered guilty pleas, and that the State Court of Appeal had denied defense attorneys' claims that the raid was conducted illegally. Defendant argues that such information obtained by a juror through a newspaper article is highly prejudicial and legal cause for mistrial.
This situation has been addressed by the Supreme Court in State v. Russell, 416 So.2d 1283 (La.1982), wherein the Court said that a mistrial is not warranted absent a determination that the jurors were actually exposed to the publicity in question and were so impressed by it as to be incapable of rendering a fair and impartial verdict.
The juror admitted to seeing the article; but, upon review of the record, we have determined that the juror was not so impressed by the article as to have been unable to render a fair and impartial verdict. In answering the trial court's questions, the juror unequivocally said he would only consider the evidence adduced at defendant's trial.
The article was not so prejudicial as to warrant an assumption that the juror must have been unduly influenced by reading it. That the article was not prejudicial is supported further by the nature of the defense throughout the trial, which was to *260 convince the jury that the state failed to prove that the items seized were marijuana, or if believed to be marijuana, the State failed to prove that the amount seized was in excess of 10,000 pounds. The article contained nothing to prejudice such a defense.
We find no abuse of discretion on the part of the court. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 4 (NO. 2 IN BRIEF):
Defendant argues that the trial court erred in its instructions to the jury by instructing them as to possible responsive verdicts for the crime of possession of controlled dangerous substances, which are not authorized under LSA-C.Cr.P. art. 814A(50).
The assignment of error is without merit. Article 814A(50) contains the responsive verdict for the crime of possession of controlled dangerous substances, a violation of LSA-R.S. 40:966C. Defendant was charged by bill of information with, and subsequently tried for, possession of marijuana in excess of 10,000 pounds, in violation of LSA-R.S. 40:966 E(3). This is a different crime from possession of controlled dangerous substances; thus Article 814 A (50) is inapposite.
Article 814 B[2] states that, under this circumstance, LSA-C.Cr.P.art. 815 controls. LSA-C.Cr.P. art. 815 provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.
We have reviewed the trial court's instruction on the responsive verdicts[3] and find that it complies with Article 815.

ASSIGNMENT OF ERROR NUMBER 5 (NO. 3 IN BRIEF):
Defendant argues that the trial court erred in refusing to give four special written jury charges submitted by him.
The trial court shall give a requested special charge which does not require qualification, limitation or explanation, is not included in the general charge or in another special charge to be given, and is wholly correct and pertinent to the case. LSACr.P. art. 807; State v. Bennett, 454 So.2d 1165 (La.App. 1st Cir.), writ denied 460 So.2d 604 (La.1984).
Special requested jury charges numbers one and three will be considered together because they deal with the discovery of the marijuana seized. There were 751 bales seized on April 20, 1982. On April 22, a district judge, on a motion by the District Attorney, ordered all of it destroyed except for one bale and the samples from thirtyeight randomly selected bales, used for testing.
Requested jury charge number one states:
A defendant in a criminal matter has the absolute right to inspect, examine, or test scientifically any tangible object which (is) in the possession, custody or control of the state and which:

*261 1. are favorable to the defendant and which are material and relevant to the issue of guilt and punishment, or;
2. are intended for use by the state as evidence at the trial, or;
3. were obtained from or belonged to the defendant.
The purpose of permitting the defendant the right to inspect, examine and test scientifically any tangible object is to prevent prejudice to the defendant.
This is not a proper charge. It is merely a paraphrasing of LSA-C.Cr.P. art. 718, which is the general discovery Article. Whether the State complied with article 718 is not a question for the jury to decide, but one for the trial court; and on review, the appellate court.
Requested Jury charge number three states:
The State of Louisiana, on motion of the District Attorney, destroyed substantially all of the evidence seized in this matter. I must instruct you that you cannot convict the defendant if he can show:
1. Bad faith or connivance on the part of the government, or;
2. that he was prejudiced by the loss of the evidence.
In order to prove prejudice the defendant need only show that the evidence destroyed was crucial to establishing guilt of possession of marijuana in excess of 10,000 pounds. United States v. Heiden, 508 F.2d 898 (9th Cir.1974); United States v. Henry, 487 F.2d 912 (9th Cir. 1973).
We find no error in the trial court's refusal to give this charge. A requested charge must be supported by the evidence; a trial court is not required to instruct the jury on abstract principles of law. State v. Clement, 368 So.2d 1037 (La.1979).
At trial defendant asserted that the State failed to prove that the contraband seized was marijuana, and that any marijuana seized was in excess of 10,000 pounds. One bale and samples taken from 38 of the 751 bales of marijuana were preserved by the authorities. This is a sufficient number from which to determine if the substance seized was marijuana. There was no testimony or any other evidence from which an inference could be drawn indicating that not all of the contraband seized was any substance other than marijuana.
There was no evidence adduced at trial which supported defendant's contention that the State destroyed the marijuana in bad faith. The State submitted evidence that such destruction is a standard procedure when large quantities are seized, because of storage and security problems. There is no evidence that the contraband seized was anything other than marijuana.
The trial court was correct in refusing to give requested charge number two, which states:
Reasonable ignorance of fact or mistake of fact removes the required mental element and is a complete defense to the crime charged. The term ignorance refers to a lack of knowledge while mistake refers to some knowledge but a wrong conclusion. Thus, it is essential that you conclude there was no reasonable ignorance of fact or mistake of fact involved in this matter in order to return a guilty verdict. LSA R.S. 14:16.
This charge is a misstatement of the law. LSA-R.S. 14:16 provides that the mistake of fact must be one which precludes the presence of any mental element required in that crime. Requested charge number two implies that a mistake or ignorance of any fact is a defense to the prosecution of that crime. Moreover, it is noted that in the general charge the trial court instructed the jury to find defendant not guilty if he did not knowingly and intentionally possess marijuana. The requisite knowledge and intent needed for the crime were explained in the general charge.
Requested charge number four was properly denied. It reads:
The law requires that the best evidence which from the nature of the case must be supposed to exist and which is *262 within a party's control, must be produced. The State's failure to produce the best evidence mandates a verdict of not guilty.
LSA-R.S. 15:436, the statute requiring production of the best evidence within a party's control, is to be applied sensibly and within reason. State v. Gaskins, 412 So.2d 1007 (La. 1982). Defendant maintains that all of the contraband seized, 751 bales or approximately 14 tons, was the best evidence. It would be unreasonable to expect that such amount of marijuana be presented in court as evidence; such an amount was not needed to establish the guilt of the accused.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 1 (NO. 4 IN BRIEF):
Defendant argues that the trial court erred by issuing an ex parte order to destroy most of the contraband seized, thereby effectively preventing defendant's right of access to evidence in control of the State, pursuant to LSA-C.Cr.P. art. 718.
Defendant and 16 other persons were arrested on April 20, 1982, for possession of marijuana in excess of 10,000 pounds. On April 21, defendant began receiving assistance of counsel and another accused, Jamie B. Marquez, Jr., had already filed a general discovery motion. On April 22, a district court judge granted an ex parte motion, filed by the district attorney of St. Mary Parish, to destroy all of the contraband seized except that which would be used as evidence.
On August 4, 1982, defendant filed a motion to sever his case from the other defendants, and a motion to incorporate pleadings filed by other defendants prior to the severance. Both motions were granted. Additionally, defendant filed a motion to suppress or quash as evidence, any tests of the seized contraband by the state criminal laboratory, because the State possessed the nearly 14 tons of contraband on April 21, when then co-defendant, Jamie B. Marquez, Jr., filed a discovery motion, pursuant to Article 718. LSA-C.Cr.P. art. 729.5. Defendant argues that he has the same rights of discovery as Marquez, who filed the discovery motion on April 21, and that the State should have made available to him the full amount of the seized contraband.
Defendant claims the destruction of nearly 14 tons of contraband was prejudicial because it prevented him from properly testing the substance for classification and weight. The trial court denied this motion, which was reurged and again denied.
The district judge, who ordered the contraband destroyed, acted under authority of LSA-C.Cr.P. art. 167, LSA-R.S. 15:41 B(1) and 41 C. We believe the judge acted properly: tests showed that the substance seized was marijuana; only one bale and samples from 38 bales of the 751 bales were to be used as evidence [LSA-R.S. 15:41 B]; and the destruction of over 27,900 pounds was in the public interest for security and storage reasons [LSA-R.S. 15:41 B (1)]. Under the circumstances, it was entirely proper for the trial court to render an ex parte order for the destruction of the marijuana (LSA-R.S. 15:41 C).
We note there is nothing in the record which shows that defendant conducted independent tests on the substance which was to be introduced into evidence by the State. The trial court had ordered the State to make available the substance to defendant, thus complying with State v. Hopkins, 351 So.2d 474 (La.1977) and State v. Migliore, 261 La. 722, 260 So.2d 682 (1972), which hold that where the crime charged is possession or sale of a prohibited substance, a defendant may have a small amount of the drug for independent, pretrial inspection where a sufficient amount of the evidence exists.
Defendant argues that the independent tests may have shown that no marijuana was seized, or that, of the 27,900 pounds of substance seized, less than 10,000 pounds were of marijuana. Defendant contends that the State's procedures were inadequate to show that the substance seized on *263 the crewboat in the morning of April 20, 1982, was marijuana weighing in excess of 10,000 pounds.
The question is whether denying defendant access to the seized contraband for testing prevented him from presenting evidence material to guilt or punishment, which would have created a reasonable doubt that does not otherwise exist. State v. Vaccaro, 411 So.2d 415 (La.1982). Upon review of the record, we do not find that defendant was prejudiced. Defendant did not test the substance which the State was going to present as evidence, nor has he made any attempt to present evidence showing that the substance seized was not marijuana, or that the amount of marijuana seized was not in excess of 10,000 pounds. The mere possibility that different tests might have produced favorable results is insufficient to show prejudice.
We find that the Modified DuquenoisLevine test, which was used, is sufficient to determine if a substance is marijuana, and that the test on samples taken from 38 to 751 bales is a sufficient basis on which to determine that the rest of the bales, weighing in excess to 27,900 pounds, were also marijuana.
Under this assignment of error defendant also argues that, during trial, the trial court erred in refusing to admit into evidence a copy of the Motion and Order for Discovery filed by Marquez on April 21, 1982. The trial court has wide discretion in determining relevancy of evidence, and its determination will not be overturned absent a clear showing of abuse. State v. Wall, 452 So.2d 222 (La. App. 1st Cir.1984). We find no abuse of discretion on the part of the trial court. The motion and order that defendant sought to introduce does not tend to negate the commission of the crime or the necessary intent. LSA-R.S. 15:441.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 6 (NO. 5 IN BRIEF):
Defendant was sentenced to twenty years at hard labor, the maximum prison term which could be imposed prior to the 1983 amendment of LSA-R.S. 40:966 E (3). Defendant argues that the sentence imposed is excessive.
A review of the individual excessiveness is considered in light of the criteria expressed by LSA-C.Cr.P. art. 894.1, the circumstances of the crime, and the trial court's stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979). Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and the worst kind of offender. State v. Robinson, 431 So.2d 104 (La.App. 1st Cir.1983).
It is clear from the record that the trial court carefully considered aggravating and mitigating circumstances listed under Article 894.1 and the facts underlying the crime. It was noted, as mitigating, that defendant had steady work, has a wife and a dependent child, and that he owns property in St. Mary Parish. As to the aggravating factors, reasons and descriptions presented in the record depict defendant as the worst kind of offender whose actions involve a most serious violation of the described offense.
Evidence adduced at trial established that defendant was a major organizer of the scheme to smuggle nearly 14 tons of marijuana into Louisiana. He attempted to corrupt a police officer. He chartered the crewboat, helped choose the unloading site, and piloted the boat. The quantity of marijuana defendant brought and had in his possession to sell would have had a street value of millions of dollars and would have caused injury to an untold number of people. The trial court noted that the people of Louisiana are very aware of the seriousness of his crime.
The trial court determined that defendant's motive was greed; that it was highly probable that the circumstances that led to *264 defendant's involvement would recur, and that defendant would likely get involved in other criminal activities.
A trial court has wide discretion in the imposition of sentences; and, given compliance with Article 894.1, the sentences imposed will not be set aside absent a manifest abuse of discretion. State v. Robinson.
We find no abuse of discretion on the part of the trial court; the defendant's sentence is not excessive.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] This offense was committed prior to the 1983 amendment to LSA-R.S. 40:966 E (3), which increased the minimum terms of imprisonment to twenty-five years and the maximum to thirtyfive.
[2] LSA-C.Cr.P. art. 814 B states:

Except as provided in Subarticle A, responsive verdicts in any other cases arising under the Uniform Controlled Dangerous Substances Law shall be governed by Article 815 of the Code of Criminal Procedure.
[3] The trial court's instruction on the responsive verdicts is as follows:

You may, therefore, return any one of the following verdicts: guilty as charged; guilty of possession of 2,000 pounds or more but less than 10,000 pounds of marijuana; guilty of possession of 100 pounds or more but less than 2,000 pounds of marijuana; guilty of possession of less than 100 pounds of marijuana; guilty of attempted possession of 10,000 pounds or more of marijuana; guilty of attempted possession of 2,000 pounds of marijuana but less than 10,000 pounds; guilty of attempted possession of 100 pounds of marijuana but less than 2,000 pounds; guilty of attempted possession of less than 100 pounds of marijuana; not guilty.