999 So.2d 808 (2008)
STATE of Louisiana, Appellee,
v.
Marcus L. BANKS, Appellant.
No. 43,710-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*809 Carey Ellis, III, Louisiana Appellate Project, for Appellant.
William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Penny W. Douciere, Assistant District Attorneys, for Appellee.
Before BROWN, PEATROSS, and MOORE, JJ.
BROWN, Chief Judge.
Defendant, Marcus L. Banks, entered a Crosby[1] plea to armed robbery and possession of a firearm by a convicted felon and reserved his right to appeal the trial court's denial of his motion to suppress. Defendant was sentenced to 30 years at hard labor on the armed robbery count and 10 years on the weapons charge, with both sentences to run concurrently and without the benefit of probation, parole, or suspension of sentence. Defendant now appeals. For the reasons set forth below, defendant's convictions and sentences are affirmed.

Discussion

Factual Background
On March 31, 2006, Kelvin Hoard was robbed at gunpoint. Approximately one week later, while attending the Catfish Festival in Winnsboro, Louisiana, Hoard spotted defendant, Marcus L. Banks, wearing the watch and ring which had been stolen from Hoard during the robbery. Hoard confronted defendant and festival security guards called local law enforcement officers.
Three officers from the Winnsboro Police Department, Betty Harrell, Ray Johnson and Chris Shaw, as well as a sheriff's deputy, Mac Smith, responded to the call. According to the officers, defendant consented to a search of his vehicle, which was parked at his grandmother's house. Defendant's girlfriend and her children accompanied the officers to the location where the vehicle was parked, and she gave the officers the keys to defendant's automobile. A revolver matching the description given by Hoard as having been used in the armed robbery was found in the trunk of defendant's car. This gun was subsequently identified as having been stolen during a burglary in Ouachita Parish. Several other items in the trunk also matched the description of items stolen in the Ouachita Parish burglary.
Defendant was charged by bill of information with one count of armed robbery, one count of illegal use of a weapon, one count of illegal possession of stolen things, and one count of possession of a firearm by a convicted felon. Prior to trial, defendant filed a motion to suppress the evidence obtained during the search of his vehicle. A hearing on the motion to suppress was held on January 16, 2007. At *810 the hearing, the state submitted the testimony of Officers Betty Harrell and Chris Shaw.
Officer Harrell testified that she was present during defendant's detention at the Catfish Festival and that she heard Deputy Mac Smith ask defendant for permission to search his vehicle. According to Officer Harrell, defendant gave permission, asserting that he "had no problem with it, he had nothing to hide." Defendant told Dy. Smith that the car was at his grandmother's house. Officer Shaw testified that he too responded to the call and, in addition to hearing Dy. Smith ask defendant for permission to search the vehicle, Officer Shaw stated that he also requested permission to search. Officer Shaw testified that defendant had been advised of his Miranda rights at the time that permission to conduct the search was sought. According to Officer Shaw, defendant gave his permission, asserting that there was nothing in the vehicle. Defendant told them where they could find the car, at his grandmother's house at 1502 Grayson Street, and defendant's girlfriend, who was in possession of the keys, went with the officers to show them where the vehicle was parked. Officer Shaw stated that a black and brown revolver was found in the trunk of the car. An NCIC check revealed that the gun had been stolen during a burglary in Ouachita Parish.
Defendant's father, Russell Banks, testified that he was at his mother's home when the police showed up claiming to have permission from his son to search the vehicle. According to Banks, however, while the officers were talking to him, defendant's girlfriend, Lametria Boley, was in the background stating that defendant had not given consent to the search. Lametria Boley testified that defendant was never asked for his consent to a search of his car. Instead, the officers took the car keys out of defendant's pocket, asked him where it was parked, and proceeded to defendant's grandmother's house and conducted the search. Ms. Boley acknowledged accompanying the officers in their cruiser, but stated that she was simply "catching a ride" with them since they were all headed in the same direction.
In denying the motion to suppress, the trial court stated:
I certainly believe that consent was given and what was found was found and that's admissible. So that motion will be denied.
On January 19, 2007, during the course of a jury trial, the state and defendant entered into a plea agreement. Defendant pled guilty under State v. Crosby, 338 So.2d 584 (La.1976), to the charges of armed robbery and illegal possession of a firearm by a convicted felon. The remaining charges were nolle prossed and the state agreed not to file a habitual offender bill. The parties agreed to a sentence cap of 30 years and to concurrent sentences.
On May 15, 2007, defendant was sentenced to 30 years imprisonment at hard labor on the armed robbery conviction and 10 years imprisonment at hard labor on the conviction for illegal possession of a firearm by a convicted felon, the sentences to be served concurrently and without the benefit of probation, parole or suspension of sentence.

Analysis
Defendant's sole assignment of error is that the trial court erred in denying his pretrial motion to suppress. According to defendant, the evidence showed that his consent was not voluntary and further that he was not informed that he had the right to refuse the search of his vehicle.
*811 A search by law enforcement officers pursuant to voluntary consent is a clearly recognized exception to the probable cause and warrant provision of the Louisiana and United States Constitutions. State v. Raheem, 464 So.2d 293 (La.1985); State v. Crews, 28,153 (La.App.2d Cir.05/08/96), 674 So.2d 1082. Oral consent to a search is valid. State v. Crews, supra. Consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); State v. Bodley, 394 So.2d 584 (La.1981); State v. Shumaker, 40,275 (La.App.2d Cir. 10/28/05), 914 So.2d 1156; State v. Owens, 480 So.2d 826 (La. App. 2d Cir. 1985), writ denied, 486 So.2d 748 (La.1986), cert. denied, 479 U.S. 840, 107 S.Ct. 145, 93 L.Ed.2d 87 (1986).
While a valid consent to search is a recognized exception to the warrant requirement, the burden is on the state to prove that the consent was given freely and voluntarily. Whether consent was given is a fact question, and the trial court's determination is entitled to great weight. When there is a conflict in testimony, the determination of witness credibility is within the trier of fact's sound discretion. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). A trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Sosa, 05-0213 (La.01/19/06), 921 So.2d 94.
Knowledge of a right to refuse a search is not necessary for the search to be deemed voluntary, although it is a factor that may be considered. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
As noted above, although defendant's girlfriend testified that defendant was never asked to consent to the search, Officers Harrell and Shaw testified that defendant gave specific authorization for them to search his vehicle, told them the location of the car, and had his girlfriend give them the keys. The girlfriend even caught a ride with the officers.
We find no error in the trial court's determination that defendant voluntarily consented to the search of his vehicle.

Conclusion
For the reasons set forth above, defendant's convictions and sentences are AFFIRMED.
NOTES
[1] In State v. Crosby, 338 So.2d 584 (La.1976), the Louisiana Supreme Court set forth a rule allowing defendants to reserve the right to contest or challenge pretrial defects or rulings as a condition of their guilty pleas.