LOLLEY, J.
|, This criminal appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. The defendant, Marcelino Bruno Lara, was convicted by a jury of possession of marijuana, more than 60 pounds, but less than 2,000 pounds, in violation of La. R.S. 40:966(F). He was subsequently sentenced to 27 years’ imprisonment at hard labor, with credit for time served, and a fíne of $60,000.00. In default of payment, the trial court ordered Lara serve an additional two years’ imprisonment, consecutive with the underlying sentence. Lara appeals his conviction and sentence. For the following reasons, we affirm his conviction and sentence, and vacate that portion of Lara’s sentence imposing default imprisonment for failure to pay his fíne.
Facts
After being stopped for a traffic violation on 1-20 in Ouachita Parish, Louisiana, and consenting to a search of his vehicle, Lara was arrested on March 17, 2010, and subsequently charged by bill of information with one count of possession of marijuana, more than 60 pounds but less than 2,000 pounds, in violation of La. R.S. 40:966(F).
At some point in the proceedings, Lara moved to suppress his prior statements to law enforcement officers and all evidence seized during a search of his vehicle as violations of the Fourth and Fifth Amendments. Specifically, he argued that the initial stop for a traffic violation was un *163 lawful and the evidence was seized in violation of his constitutional rights, because his consent was not given freely, voluntarily and knowingly. Following a hearing on Lara’s motion to suppress, the trial court denied his |2motion, concluding that the state had met its burden to show consent was freely and voluntarily given.
Just before the jury trial commenced, the state brought a “Free and Voluntary” hearing on Lara’s statements to law enforcement after arrest. The trial court found that the state met its burden of proving that Lara’s admissions and statements were “voluntarily, knowingly, and intelligently rendered,” and the jury trial began. After the state rested, Lara moved for an acquittal on grounds that the state failed to prove the material seized was actually marijuana and that the tests used to identify the material were unreliable. The trial court denied the motion, stating that such determinations were to be made by the fact finder. Lara presented no evidence, and the trial proceeded to closing arguments. Lara was convicted as charged and was sentenced to 27 years’ hard labor, with credit for time served, and a fine of $60,000.00. In default of payment, the trial court ordered Lara to serve an additional two years consecutive with the other sentence. Following Lara’s motions to reconsider sentence as excessive and post verdict judgment of acquittal, both of which were denied, this appeal ensued.
Discussion

Sufficiency of the Evidence

In Lara’s first assignment of error, he argues that the evidence at trial was insufficient to convict him of possession of more than 60 but less than 2,000 pounds of marijuana. Specifically, he argues that only a small sample from the edge of each seized bundle was tested, so any test results would be lijConelusive only as to the sample from the outer edge, not the composition of the entire bundle. Since tests were made only on that small sample and not on any other outer area or the interior of the bundle, Lara maintains that the state failed to prove beyond a reasonable doubt that both bundles consisted entirely of marijuana. Therefore, according to Lara, the state failed to prove an essential element of the crime charged-that he was in possession of more than 60 pounds of marijuana. We disagree.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), evidence is sufficient when a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, finds the essential elements of the crime were proven beyond a reasonable doubt. Review of sufficiency of the evidence does not extend to credibility determinations made by the trier of fact. State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). Appellate courts do not assess credibility or reweigh evidence. State v. Macon, 2006-481 (La.06/01/07), 957 So.2d 1280; State v. Hill, 42,025 (La.App.2d Cir.05/09/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
Lara was charged with La. R.S. 40:966(F), which applies when a person knowingly or intentionally possesses at least 60 pounds, but less than 2,000 pounds of marijuana. Where random samples of individual units, all similar, test positive for the drug charged, and the total weight of all the units fall within the range specified by the statute, courts have found that a rational trier of fact could conclude beyond a reasonable doubt that the 1.4substance of all the units was the same as the samples. State v. Riley, 587 So.2d 130 (La.App. 2d Cir.1991).
In State v. Williams, 471 So.2d 255 (La. App. 1st Cir.1985), writ denied, 475 So.2d *164 1102 (La.1985), the First Circuit found that the defendant’s conviction for possession of marijuana under La. R.S. 40:966 was based on sufficient evidence, as the samples tested were sufficient to determine that the substance seized was marijuana. The court noted that defendant did not present testimony or evidence to indicate that not all the contraband seized was marijuana. Id.
In State v. Ballom, 562 So.2d 1073 (La.App. 4th Cir.1990), writ denied, 575 So.2d 386 (La.1991), the Fourth Circuit Court of Appeal rejected the defendant’s argument of insufficient evidence based on the sampling procedure used to test the drugs found in his possession. The court noted that the criminologist testified that the procedure was department policy, and that the defense had stipulated that the criminologist was an expert in drug analysis and had cross-examined the expert on his procedures. Id. Furthermore, the court found that the testing of a random sample of the drug seized was reasonable and reliable, and thus met the “reasonable doubt standard” of Jackson. Id.
In State v. Lofton, 528 So.2d 188 (La.App. 3d Cir.1988), writ denied, 532 So.2d 149 (La.1988), the Third Circuit Court of Appeal found that random sampling of a large amount of contraband was permissible and rejected the defendant’s argument that untested portions should not have been admitted, because they were not proven to be marijuana. The portion |5of the evidence not tested “goes to the weight of the evidence rather than its admissibility.” Id.
Here, Lara was found with two bundles, similar in appearance and odor, that together weighed a total of 111 pounds. Sample tests from each bundle both tested positive for marijuana. Lara accepted the state’s witness, who performed the test and testified regarding the procedures used, as an expert in this type of analysis. Lara did not present any expert to rebut such finding, nor did he present any evidence to suggest that the bundles seized were comprised of something other than marijuana. From the evidence presented, a rational trier of fact could conclude beyond a reasonable doubt, that the two bundles found in Lara’s possession were completely composed of marijuana. Accordingly, the evidence was sufficient to convict Lara on possession of marijuana, more than 60 pounds but less than 2,000 pounds. This assignment of error is without merit.

Motion to Suppress

In his second assignment, Lara maintains that the trial court erred in denying his motion to suppress the evidence seized as a result of his detention and the following warrantless and unreasonable search. In support, Lara argues that the motion to suppress the seized material and his statements should have been granted because they were obtained without a search warrant and without valid consent. Lara claims his consent was involuntary because he was not free to go and was in custody at the time; therefore, he was entitled to a reading of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Further, | fiLara claims that the state failed to meet its burden to prove that consent was voluntary and free because the police officer failed to: read him his rights prior to asking for consent; advise him that he did not have to give consent; and obtain a waiver. Since the consent was not free and voluntary, Lara maintains, the search and seizure was invalid and any evidence seized is inadmissible and should have been suppressed. We disagree.
At the hearing on Lara’s motion to suppress, Master Sergeant Stan Felts, of the Ouachita Parish Sheriffs Office patrol divi *165 sion, testified that on March 17, 2010, he stopped Lara after observing him cross the fog line twice as he completed the curve of the exit ramp from 1-20 onto Camp Road. Sergeant Felts testified that both the vehicle’s left and right wheels crossed the fog line at two different times, a traffic violation of improper lane usage. Sergeant Felts testified that after obtaining Lara’s criminal history, he approached the vehicle and asked for Lara’s license and registration. He said Lara was suspiciously nervous, had labored breathing and trembling hands and refused to make eye contact with him. The officer also testified to smelling a strong odor of garlic, pickles, cologne, fabric softener, and another unknown chemical smell. Sergeant Felts testified he was suspicious of possible criminal activity because of his experience that masking odors are often used to conceal drugs, but that he did not yet have probable cause to obtain a warrant. Sergeant Felts said he asked Lara for consent to search his vehicle and Lara consented. He was joined by Officer David Crain in the search, which revealed an unusually heavy speaker box in the rear of the vehicle. After drilling into the speaker, the officers |7discovered two bundles of what they believed to be marijuana. Lara was then arrested and read his Miranda rights.
Every person’s rights against unreasonable search and seizure are guaranteed by the Fourth Amendment of the United States Constitution and the 1974 Louisiana Constitution. Any search and seizure without a warrant based on probable cause is considered unreasonable unless justified by an exception to the warrant rule. State v. Thompson, 2002-0333 (La.04/09/03), 842 So.2d 330; State v. Ledford, 40,318 (La.App.2d Cir.10/28/05), 914 So.2d 1168. The state has the burden to prove that any search and seizure conducted without a warrant was valid under one of the exceptions to the search warrant requirement. La. C. Cr. P. art. 703(D); State v. Johnson, 32,384 (La.App.2d Cir.09/22/99), 748 So.2d 31. Warrantless searches conducted pursuant to valid consent are allowed pursuant to both the federal and state constitutions. State v. Bostic, 26,000 (La.App.2d Cir.05/04/94), 637 So.2d 591, writ denied, 94-1476 (La.10/14/94), 643 So.2d 159. The state has the burden to prove consent was given freely and voluntarily. State v. Banks, 43,710 (La.App.2d Cir.12/03/08), 999 So.2d 808, writ denied, 2009-0151 (La.10/16/09), 19 So.3d 471.
Consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Bodley, 394 So.2d 584, 588 (La.1981); State v. Shumaker, 40,275 (La.App.2d Cir.10/28/05), 914 So.2d 1156.
The officer does not need any degree of reasonable suspicion, as opposed to intuition or “hunch,” to ask for and receive consent to search a vehicle. State v. Strange, 2004-0273 (La.05/14/04), 876 So.2d 39. In State v. Thompson, 543 So.2d 1077 (La.App. 2d Cir.1989), writ denied, 551 So.2d 1335 (La.1989), the court found that defendant’s nervous behavior and the smell of air freshener were enough to give the detaining officer reasonable suspicion that the truck contained contraband in the taped boxes in the truck bed and grounds to ask for consent to search, despite no smell of marijuana.
Oral consent to search is valid. State v. Banks, supra. Notice of the right to refuse a search is a consideration, but is not required for consent to be found volun *166 tary. Id. Consent to search is “a non-communicative, non-testimonial statement falling completely outside the Fifth Amendment and therefore outside of the Miranda protections.” State v. Palmer, 2009-0044 (La.07/01/09), 14 So.3d 304. Failure to read Miranda does not negate voluntary consent to search. Id. Persons detained pursuant to traffic stops are not in custody and therefore typically no reading of the person’s Miranda rights is required. Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).
Finally, valid consent is a factual question, and the trial court’s determination is given great weight. State v. Banks, supra; State v. Crews, 28,153 (La.App.2d Cir.05/08/96), 674 So.2d 1082.
|flHere, Lara was detained pursuant to a lawful stop for a traffic offense and was not in custody. As he was merely detained, and not in custody at the time, he was not yet entitled to a reading of Miranda prior to the officer obtaining his consent, and so the consent is not negated by the failure to read Miranda rights or obtain a waiver. Furthermore, as noted above, Lara’s consent to search his vehicle does not fall within the protections of the Fifth Amendment and so does not require the reading of Miranda rights in order to be voluntary and valid.
In this case, the officer had reasonable suspicion of possible criminal activity and did not violate Lara’s rights in asking for consent to search Lara’s vehicle, given that: Lara exhibited an extremely nervous demeanor; the unusual fact that the car was newly registered in a state different from where Lara resided; the vehicle’s insurance was in someone else’s name; and there were strong odors known to be used for masking illegal drugs. Further, Lara had authority to grant consent, and the officer was not required to read him his rights, obtain a written waiver, or advise him that he could refuse consent, in order to receive consent to search the vehicle. Under the facts and circumstances, there is no evidence to suggest that the trial court’s factual determination that consent was freely and voluntarily given was in error and, accordingly, should not be disturbed upon review. The trial court’s decision to deny the motion to suppress the evidence was correct. This assignment is therefore without merit.

_J^Sentencing

In his third assignment of error, Lara argues that his sentence, 27 years at hard labor and a fine of $60,000.00, was unconstitutionally harsh and excessive. Additionally, the trial court ordered that in default of payment of the fine, Lara was ordered to serve an additional two years’ imprisonment, consecutive to his hard labor sentence.
Under La. R.S. 40:966(F)(1), persons convicted of the subject crime “shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars nor more than one hundred thousand dollars.” Additionally, where the trial court imposes a sentence of a fine with additional imprisonment for default, La. C. Cr. P. art. 884 states that the maximum time for imprisonment for default of payment shall be one year.
To determine whether an imposed sentence is excessive, the reviewing court will first examine the record to ascertain if the trial court considered the aggravating and mitigating factors under La. C. Cr. P. art. 894.1 in determining a factual basis for the sentence imposed. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, *167 2007-0805 (La.03/28/08), 978 So.2d 297. The court must consider such factors as defendant’s personal history, prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581.
In Second, the court will consider whether the sentence is grossly disproportionate to the seriousness of the offense. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). If the sentence imposed, in light of the harm done to society, shocks the sense of justice, then the sentence imposed is excessive. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
The trial judge has wide discretion in imposing sentences within the statutory limits and in consideration of aggravating and mitigating circumstances. Therefore, a reviewing court only considers whether the trial court abused its discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7.
The sentence of 27 years’ imprisonment at hard labor falls within the range of five to 30 years’ imprisonment specified by the statute under which Lara was convicted. The record shows that the trial court considered all aggravating and mitigating factors under La. C. Cr. P. art. 894.1. Lara has a criminal history with a recurring pattern of illegal acts, including a prior felony conviction of a sexual offense, unemployment, and alcohol and drug addictions. Here, he accepted money to transport the illegal drugs, an aggravating factor under La. C. Cr. P. art. 894.1(B). Given the large amount of marijuana, its street value, and its potential harm to society, there was an adequate factual basis for the sentence imposed and the sentence does not shock the sense of justice. The sentence imposed was not unconstitutionally harsh or excessive.
| yError Patent Review
As part of his imposed sentence, Lara was fined $60,000.00, and in default of payment of that fine, the judge ordered that Lara serve an additional two years’ time, consecutive to the underlying sentence. Our error patent review reveals that Lara’s sentence is illegal. First, we note that the additional two years’ imprisonment imposed for default of payment of the fine is a violation of La. C. Cr. P. art. 884, which limits additional time imposed to one year. Therefore, the additional time imposed for default of payment could not have been two years. However, for this defendant, the imposition of any jail time contingent on the payment of the fine and court costs was error. An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. State v. Tillman, 43,569 (La. App.2d Cir.10/22/08), 997 So.2d 144, writ denied, 2008-2836 (La.09/25/09), 18 So.3d 85. A defendant’s indigence in such a situation may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Tillman, supra. The record shows that the Lara is indigent. He was represented at trial and on appeal by the indigent defender’s office. Therefore, the portion of the sentence imposing jail time in default of payment of the fine and costs should be vacated.
We note an additional error patent in that Lara’s motion for post verdict judgment of acquittal was not ruled upon until after his sentence was imposed, albeit on the same day, in contradiction of La. C. Cr. P. arts. 821 and 873. Louisiana C. Cr. P. art. 821 requires that a post verdict judgment of acquittal be moved on *168 and disposed of prior to sentencing, and La. C. Cr. P. art. 873 requires that a minimum three days lapse between conviction and sentence, unless the defendant gives an express waiver or pleads guilty. However, in State v. Wilson, 469 So.2d 1087 (La.App. 2d Cir.1985), writ denied, 475 So.2d 778 (La.1985), this Court held that the trial court’s failure to wait 24 hours after the denial of a post verdict judgment of acquittal before imposing sentence constituted harmless error, as the defendant did not argue that he was prejudiced by the error. Accordingly, we conclude that this error was harmless.

Conclusion

For the foregoing reasons, the conviction of Marcelino Bruno Lara is affirmed. As to Lara’s sentence, it is amended to vacate that portion imposing jail time in default of payment of the fine and costs, and as amended, the sentence is affirmed.
AFFIRMED, AS AMENDED.