347 So.2d 214 (1977)
STATE of Louisiana
v.
Roosevelt WILLIAMS.
No. 59154.
Supreme Court of Louisiana.
June 20, 1977.
*215 Alan James Boudreaux, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Gretna, for plaintiff-appellee.
DENNIS, Justice.
Defendant, Roosevelt Williams, was charged by bill of information with distribution of heroin, a controlled dangerous substance, in violation of La.R.S. 40:966(A). A twelve person jury found him guilty as charged and he was subsequently sentenced to life imprisonment at hard labor. On appeal, defendant urges two assignments of error for reversal of his conviction and sentence. We affirm.

ASSIGNMENT OF ERROR NO. 1
Defendant complains that the trial court improperly admitted evidence of another crime which was irrelevant to the instant prosecution and which prejudiced the jury against the defense.
The alleged "other crimes" evidence arose during the testimony of Officer David Gonzales, a narcotics undercover agent. After the witness testified that defendant had sold him fifteen dosage units of heroin, he was asked by the prosecutor: "Did you indicate to him that you might be agreeable to make further sales in * * *." Defense counsel interrupted with an objection that the question called for a speculative response for which no foundation had been laid. The trial court overruled the objection and permitted Officer Gonzales to testify that he had advised defendant of his willingness to deal with him in the future.
The objection is without reversible merit. Before making the statement complained of, Officer Gonzales, without defense objection, had related to the jury defendant's offer of prospective drug sales: "[Defendant] told me . . . anytime I needed a connection I could count on him to do my buying." Consequently, the officer's statement that he had expressed an inclination to transact business with defendant in the future added little, if anything, to the earlier damaging testimony introduced without objection. Therefore, if it was error to allow the introduction of this evidence, it does not appear that the mistake complained of probably resulted in a miscarriage of justice. La.C.Cr.P. art. 921.

ASSIGNMENT OF ERROR NO. 2
This assignment, which defendant argues on his own behalf, relates to the allegedly improper curtailment of defense counsel's cross-examination of Officer David Gonzales.
On direct examination, Officer Gonzales testified that defendant had met him in a shopping center parking lot at 8:30 p. m. on April 16, 1974, that defendant had arrived in a Ford Maverick accompanied by another man who remained in the car while defendant alit and entered Gonzales' car, where the drug sale was negotiated and made, and that defendant had then returned to the other vehicle and departed with his companion.
On cross-examination, the officer stated more specifically that defendant's companion was a man known to him as "Ty-U," later identified as Albert Cobb. After he admitted a previous acquaintance with Cobb, the witness was asked, "And isn't Ty associated with you in narcotics investigations?" The State objected on the ground of relevancy. Defense counsel explained that he was attempting to arrive at "the status, situation or relationship between Ty-U and this officer and Roosevelt Williams." In response, the court ruled:
"* * * the area of legitimate inquiry here is any activity with respect to this investigation. I can't understand what relevance other investigations would have."
In accordance with the court's decision defense counsel was permitted to establish that Cobb, a heroin addict with a prior arrest record, had contacted Officer Gonzales on the street with the information that defendant was willing to sell narcotics. *216 Also, he elicited testimony that Cobb had arranged the meeting between defendant and the officer and had transported defendant to the designated meeting place. However, further inquiry into Cobb's participation in other investigations and related questions, such as whether he had been given Officer Gonzales' home telephone number, were disallowed as irrelevant.
La.R.S. 15:441 defines relevant evidence as follows:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
The trial judge is vested with much discretion in determining the relevancy of evidence and absent a clear abuse of that discretion his ruling will not be disturbed on appeal. State v. Winston, 343 So.2d 171 (La.1977), and cases cited therein. The relevancy of evidence is to be tested by the purpose for which it is offered. La.R.S. 15:442; State v. Passman, 345 So.2d 874 (La.1977). Defense counsel's stated interest in discovering the relationship between Cobb, Officer Gonzales and defendant did not establish the relevancy of inquiry into Cobb's prior undercover activities. As we have observed, counsel was given broad latitude in examining the extent of Cobb's participation in this case, and we find reasonable the trial court's determination that no relevant purpose had been established for plumbing Cobb's involvement in other investigations.
Far afield of the designated assignment of error, defendant argues that Cobb was a material witness in the case whose role as an informant should have been disclosed and who should have been produced at trial by the State. The State's failure to do so, he claims, obstructed his defense that Cobb had "framed him."
At trial, defendant took the stand and testified that on the night of the offense Cobb, whom he had known for about a year, visited his home first offering to sell defendant some shirts, which he declined, then to share some heroin with him if he accompanied Cobb on a business venture. Defendant maintained that he went along, not knowing the nature of Cobb's "business." Allegedly, Cobb drove defendant to the shopping center, parked alongside Officer Gonzales' vehicle and instructed defendant to hand the officer a package through the window. Defendant claimed that he complied, thinking that the package contained the shirts previously offered to him. On cross-examination, defendant asserted that his attempts to locate Cobb and secure his attendance at trial had proved unsuccessful.
Defendant urges that Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), required the state to identify Cobb as an informant and to produce him at trial. In Roviaro, the Government's informer, who was not called as a witness at trial and whose identity was not disclosed, was the sole participant, other than the accused, in the transaction charged. The Court held:
"Where the disclosure of an informer's identity, or of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [to withhold the informer's identity] must give way." 353 U.S. at 60-61, 77 S.Ct. at 628.
We have little difficulty in distinguishing the present case, since the State did not avail itself of the informer's privilege. Cobb was freely identified at trial as the person who had supplied police with information of defendant's willingness to sell narcotics and had actively participated in the transaction charged. Defendant complains, however, that the State did not reveal whether Cobb was compensated for his cooperation or whether he had acted as a "stool pigeon" in this case. There is no basis in the record for such a complaint, as counsel abandoned his efforts to solicit this information without discouragement by the court. The acts and choices of an accused's *217 trial counsel, in this case to withdraw from a line of inquiry which defendant wished pursued, are deemed to be those of the accused himself and may not be assigned as error on appeal. La.C.Cr.P. art. 841; State v. Marcell, 320 So.2d 195 (La.1975).
Likewise, we find that defendant has not preserved the issue of whether the State should have produced Cobb at trial. In some exceptional cases, the prosecution's obligation to exercise reasonable diligence in producing an informant to testify has been recognized. United States v. Diaz, 535 F.2d 130 (1st Cir. 1976); United States v. Williams, 496 F.2d 378 (1st Cir. 1974); United States v. Pollard, 479 F.2d 310 (8th Cir. 1973); Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965). The duty is dependent upon several factors, including the importance of the witness' testimony, the State's control of the witness, and the difficulty in finding him. United States v. Diaz, supra; United States v. Williams, supra. In this case, however, the question is not before us, since defendant at no time attempted to enlist the assistance of either the State or the trial court in locating Cobb. The disingenuousness of defendant's assertions that Cobb was a crucial witness for the defense who could alone have corroborated defendant's allegations of a frame is betrayed by defendant's own inaction in securing Cobb's attendance. Defendant did not move for his production at trial, did not seek to compel the State to disclose his address, and did not subpoena him as a witness. Under these circumstances, defendant has presented nothing for our review.
This assignment is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.