KNOLL, Judge.
The defendant, James O. Lofton, was charged by bill of information with distribution of marijuana in violation of LSA-R. S.40:966(A), to which he pleaded not guilty. After a jury trial he was found guilty as charged. He was sentenced to serve 8 years at hard labor in the custody of the Louisiana Department of Corrections and fined $5,000. Defendant seeks a reversal of his conviction and sentence. We affirm.
FACTS
The defendant is married, has 5 children and his date of birth is August 26, 1942.
On January 30, 1987, deputies from the Natchitoches Parish Sheriff’s Office obtained a search warrant to search the house of defendant and the vehicles and surrounding area. Defendant’s house is located near Allen, in the Parish of Natchi-toches, on the Allen-Bulah Road. In carrying out the search warrant, Deputy Cooley along with several other deputies, seized several guns, a safe containing $9,000, a set of Ohaus scales, and $500 in a cigar box from defendant’s house.
Deputy Cooley continued his search outdoors. Underneath the steps of the back door he found a red and yellow Igloo water cooler, which contained several bags of what appeared to be marijuana. There was writing on the bags which indicated the weight of the bags and the price of each one, ranging from $65 to $20 per bag.
Deputy Cooley then searched an Arctic drinking cooler located approximately 100 to 150 feet from defendant’s house. This cooler contained a ziploc bag which was filled with suspected marijuana seeds and marijuana particles. Several plastic bags of suspected marijuana gleanings were found in an aluminum building behind defendant’s house and three other plastic bags of suspected marijuana were found in *190 an abandoned automobile approximately 300 feet from defendant’s house.
ASSIGNMENT OF ERROR NUMBER ONE
In defendant’s first assignment of error, he contends that the trial court erred in allowing introduction into evidence of suspected marijuana that had not been tested and proved to be marijuana. Specifically at issue are items of suspected marijuana identified as 1-A through 1-1. These items included several component bags and envelopes, most containing suspected marijuana. A random sampling of these envelopes and bags was tested, and all those tested were found to contain marijuana. All the envelopes and bags listed in State Exhibit-1 were admitted into evidence which contained numerous bags and envelopes, to include items I-A through 1-1. (State Exhibit-1 is the “Evidence Transfer Receipt” from the North Louisiana Crimi-nalistics Laboratory.)
From our thorough review of the record, we have concluded that the items of evidence objected to, items 1-A through 1 — I, were introduced to show a proper chain of custody of all of the evidence and its relevancy to the offense charged.
LSA-R.S. 15:441 provides:
“Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such, are admissible.”
Generally, an appellate court places great weight upon a trial court’s ruling on the relevancy of evidence, and should not reverse this ruling unless a clear misuse of discretion has occurred. State v. Kahey, 436 So.2d 475 (La.1983); State v. Walker, 394 So.2d 1181 (La.1981).
Defendant argues that not all of this evidence should have been admitted because some portions of these items were not scientifically tested to determine whether or not they were marijuana. The record shows that the State was offering this evidence to establish a proper chain of custody of the evidence as well as its relevancy. The State correctly pointed out that the evidence not tested goes to the weight of the evidence rather than its admissibility. Moreover, random sampling of a large amount of confiscated contraband is permissible. State v. Williams, 471 So. 2d 255 (La.App. 1st Cir.1985), writ denied, 475 So.2d 1102 (La.1985). Since a trial judge determines the relevancy of evidence by the purpose for which it is offered, it is crucial for counsel to state the purpose. This must be done contemporaneously with the offer of evidence so as to allow the judge to make an intelligent ruling. State v. Lindsey, 351 So.2d 1178 (La.1977). After a careful review of the record, we find that the State adequately stated its purpose in offering items 1-A through 1-1 into evidence and that the trial court did not abuse its discretion.
Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
In defendant’s second assignment of error, he contends the trial court erred in allowing scales, money, a safe and an Arctic water cooler[1] to be introduced into evidence in that this evidence was not relevant.
As aforestated, relevant evidence is that tending to show the commission of the offense and the intent. LSA-R.S. 15:441. Relevancy of evidence is to be tested by the purpose for which it is offered. State v. Williams, 347 So.2d 214 (La.1977). The record reflects that the State introduced the scales, money, safe and the water cooler into evidence to show a connexity between these items and defendant’s intent to distribute marijuana. Connexity of evidence is a matter of fact for a jury to *191 decide so long as the objects introduced are shown to the satisfaction of the trial judge to have some relevancy, i.e., some logical or rational connection with the fact sought to be proved. State v. Lane, 292 So.2d 711 (La.1974). When taken together, this evidence did tend to show that defendant was engaged in distribution of marijuana.
The type of scales that were introduced, Ohaus scales, were specifically designed for weighing small amounts. Deputy Cooley testified that he had been involved in over 100 investigations and had made approximately 177 arrests for marijuana charges; in his experience, scales such as the one seized from defendant’s house were used to weigh drugs. Defendant’s possession of such a scale, coupled with evidence that he had marijuana in significant quantity, is certainly relevant evidence tending to show the commission of the offense and defendant’s intent. The large amount of cash tended to indicate drug transactions, particularly when defendant’s occupation, that of pulpwood hauler and part-time mechanic, made it somewhat unlikely that he would have such an amount on hand. The relevance of the safe was that it tended to show defendant’s desire to protect the large amount of cash in his possession. The Arctic water cooler was used to hide and store marijuana seeds. The cooler was located approximately 100-150 feet from defendant’s house. The search warrant provided that defendant’s house, vehicles and surrounding area be searched. Under these circumstances, we find the evidence complained of was relevant and properly admissible.
Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
In defendant’s third assignment of error, he contends the trial court erred in imposing an excessive sentence. Defendant contends that because of his first felony offender status, his work history, and his family status, the sentence is grossly out of proportion to the severity of the offense. We disagree.
LSA-C.Cr.P. Art. 894.1 sets forth guidelines to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence in order to ensure that each sentence is individualized to the offender and the offense. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Jones, 398 So.2d 1049 (La.1981). The trial judge need not articulate every aggravating and mitigating circumstance; however, the record must reflect that he adequately contemplated the sentencing guidelines. State v. Grey, 408 So.2d 1239 (La.1982); State v. Franks, 373 So.2d 1307 (La.1979), cert. den., 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981).
At the sentencing hearing, the court stated its belief that defendant would continue to sell marijuana if his sentence was suspended or probated and that defendant was in need of correctional treatment in a custodial environment. The sentencing court noted defendant’s potential for causing serious harm because people who use drugs are known to commit crimes in order to purchase drugs and a lesser sentence would only deprecate the seriousness of the crime. It pointed to such factors as defendant’s possession of Ohaus scales, which are used extensively in the sale of drugs, and approximately $10,000 in cash to show defendant’s extensive involvement in distributing marijuana; the court found it hard to believe that defendant would have this amount of money on hand from hauling pulpwood and doing minor automotive repairs. The scales that were in defendant’s possession are used for weighing minute quantities such as grams and are usually found in laboratories or drugstores.
Further, the sentencing court was impressed with the amount and caliber of weapons in defendant’s possession. He had a Smith & Wesson, Model 19, a Smith & Wesson, Model 64, an AMT .380, a .25 caliber Titan automatic, a VT, Model GT 380, a .12 gauge automatic shotgun and a Winchester, Model 94 30/30 rifle. Of particular interest to the court was the fact that some of the hand guns were known as backup guns. This type of gun is used by *192 police officers when they have ran short of ammunition in their standard issue revolvers. The court felt defendant possessed these weapons in order to protect himself in his drug operation.
Another main factor in the sentencing court’s determination of defendant’s sentence was the amount of marijuana confiscated from defendant. The inventory from the search shows the following: a brown paper bag containing three one-half ounces of marijuana; a brown paper bag with eleven one-eighth ounce containers of marijuana; a brown paper bag with nine one-fourth ounce containers of marijuana; a brown paper bag with three one-eighth ounce containers of marijuana; six envelopes containing marijuana; a plastic bag which contained twenty small envelopes of marijuana; one-half ounce of marijuana seeds; a brown paper bag containing three paper bags of suspected marijuana; four large plastic ziplock bags containing marijuana; an Arctic water cooler containing a ziplock bag of suspected marijuana seeds and suspected marijuana gleaning; and, a large plastic bag containing three large bags of suspected marijuana weighing approximately one-half pound.
The sentencing court took all these factors into consideration and determined that defendant was a drug dealer in need of incarceration. It found no mitigating circumstances that might justify defendant’s actions. We find the sentencing court complied with the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1. Therefore, this court’s review is limited to a determination of whether the trial court abused it sentencing discretion. State v. Bourgeois, supra; State v. Bosworth, 415 So.2d 912 (La.1981); State v. McDonald, 414 So.2d 735 (La.1982).
The maximum penalty for distribution of marijuana is 10 years imprisonment at hard labor with a fine not to exceed $15,000. LSA-R.S. 40:966(B). Even though within the statutory limit, a sentence may violate a defendant’s constitutional right against excessive punishment. State v. McDonald, supra; State v. Sepulvado, 367 So.2d 762 (La.1979); La.Const. Art. 1 Sec. 20 (1974).
Although defendant was a first offender, we do not find his sentence of 8 years in the custody of the Louisiana Department of Corrections and a fine of $5,000 was excessive. The evidence adduced at trial indicated that defendant was actively involved in extensive distribution of marijuana. He was 44 years of age at the time of the offense and involved his family home in his drug operation. The large amount of cash and large quantity of marijuana that defendant possessed, as well as other drug paraphernalia, show that defendant was not a small-time dealer, but rather, depended on drug sales as a major source of income. Accordingly, it is the opinion of this court that the sentencing court did not abuse its sentencing discretion. Therefore, this assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Counsel for defendant inadvertently refers to the "Igloo water cooler” in this assignment. It is apparent from his brief he meant the Arctic water cooler since the argument focuses on the distance of the cooler from the house. The Igloo cooler was found under the steps of the back door of defendant’s house.