528 So.2d 192 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Herbert COLEMAN, Jr., Defendant-Appellant.
No. CR87-1400.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1988.
*193 David Williams, Lake Charles, for defendant-appellant.
Richard Ieyoub, Dist. Atty., Annette Roach, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
On January 26, 1987, defendant, Herbert Coleman, Jr., was charged by bill of information *194 with unauthorized entry of a place of business, a violation of LSA-R.S. 14:62.4. After a jury trial he was found guilty as charged. He was billed as a second habitual offender and sentenced to serve 10 years in the custody of the Louisiana Department of Corrections. Defendant seeks a reversal of his conviction and sentence. We affirm.

FACTS
On December 13, 1986, defendant, along with Larry Steward and Joseph Provest, entered into the Louisiana State Employment Office, at 1028 Enterprise Boulevard, Lake Charles, Louisiana. Officers of the Lake Charles Police Department arrived at the crime scene at approximately 9:15 p.m. and found defendant with his right arm inside a broken window of the Louisiana State Employment Office.
Prior to trial, defendant filed a motion to quash the bill of information, contending that LSA-R.S. 14:62.4 was unconstitutionally vague in that it does not define "place of business" and in the alternative, that the statute was inapplicable to defendant because the Louisiana State Employment Office is not a "place of business" as contemplated by the statute. The trial court denied the motion to quash.
Defendant was tried and found guilty by a unanimous jury of six persons. Defendant was then billed and found to be a second habitual offender, and sentenced to serve 10 years imprisonment.

ASSIGNMENT OF ERROR ONE
In defendant's first assignment of error, he contends LSA-R.S. 14:62.4, unauthorized entry of a place of business, is unconstitutionally vague in that it does not define "place of business".
Statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Brenner, 486 So.2d 101 (La.1986); State v. Rones, 223 La. 839, 67 So.2d 99 (1953). Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Griffin, 495 So.2d 1306 (La.1986). The attack will fail if there exists a reasonable relationship between the law and the promotion or protection of a public good, such as health, safety or welfare. Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515 (La.1983); Gilbert v. Catahoula Parish Police Jury, 407 So.2d 1228 (La.1981). The legislation must have a rational relationship to a legitimate state interest in order to satisfy the substantive guarantee of due process in the federal and state constitutions. Theriot, supra, at 520; City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); Harry's Hardware, Inc. v. Parsons, 410 So.2d 735 (La.1982), cert. denied 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 145 (1982).
There can be no doubt that Louisiana has a legitimate interest in suppressing unauthorized entries into places of business. The defining and prescribing the means of suppression are the responsibility of the state legislature, and determinations of the legislature in this regard constitute an appropriate exercise of police power for the protection of the public. Brown v. State, through Department of Public Safety, Division of Louisiana State Police, 392 So. 2d 415 (La.1980), cert. denied, 452 U.S. 940, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981); Vaughan v. Dowling, 243 La. 390, 144 So.2d 371 (1962).
A statute may be attacked on grounds of vagueness. Jurisprudence has recognized that "penal statutes must describe the unlawful conduct with sufficient particularity and clarity such that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto." State v. Defrances, 351 So.2d 133 (La.1977); State v. Lindsey, 310 So.2d 89 (La.1975). The requirement of lack of vagueness is derived from the due process clauses of the United States and Louisiana Constitutions, and from Article I, Sec. 13 and 16 of the 1974 Louisiana Constitution. State v. Griffin, supra. Under these provisions, a criminal statute must meet two requirements in order to pass constitutional muster. First, it must give adequate notice to individuals of *195 the conduct which is proscribed and punishable by law. Second, adequate standards must be provided for those charged with determining the guilt or innocence of the accused. State v. David, 468 So.2d 1126 (La.1984), supplemented 468 So.2d 1133 (La.1985), cert. denied, 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986); State v. Union Tank Car Co., 439 So.2d 377 (La. 1983); State v. Dousay, 378 So.2d 414 (La. 1979).
LSA-R.S. 14:62.4 is a derivative of LSA-R.S. 14:62, which concerns simple burglary. Simple burglary requires unauthorized entry into a dwelling, vehicle, watercraft or other structure plus intent to commit a felony or theft therein. Unauthorized entry into a place of business requires intentional entry into a place of business. LSA-R.S. 14:62 was held to be valid in that it was not vague or indefinite. State v. Taylor, 253 La. 653, 219 So.2d 484 (1969). Therefore, it logically follows that LSA-R. S. 14:62.4 would pass constitutional muster as well because the term "place of business" is much more succinct and specific than the language contained in LSA-R.S. 14:62 and is of such generally accepted meaning as to give adequate notice of the concept being described and intended by the legislature. Defendant fails to show how the act in question is vague. Therefore, defendant's first assignment of error is without merit.

ASSIGNMENT OF ERROR TWO
In defendant's second assignment of error, he contends that even if LSA-R.S. 14:62.4 is constitutional, it is not applicable in this case because a government office is not a place of business as contemplated by this statute. We disagree.
Black's Law Dictionary defines "business" as:
"Employment, occupation, profession, or commercial activity engaged in for gain or livelihood. Activity or enterprise for gain, benefit, advantage or livelihood. Enterprise in which person is engaged shows willingness to invest time and capital on future outcome. That which habitually busies or occupies or engages the time, attention, labor and efforts of persons as a principal serious concern or interest or for livelihood or profit." Black's Law Dictionary, 179 (5th ed. 1979).
Defendant argues that this definition, if applied to governmental offices, is being construed too broadly and violates LSA-R. S. 14:3, which states:
"The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."
Applying this article to the case sub judice, we do not find a person of ordinary intelligence would consider a state employment office in any other capacity than a place of business. Further, LSA-R.S. 14:62.4 is a specific statute and is not creating a crime by analogy. Therefore, defendant's second assignment of error is without merit.

ASSIGNMENT OF ERROR THREE
In defendant's third assignment of error, he contends the sentencing court erred in imposing an excessive sentence.
LSA-C.Cr.P. Art. 894.1 sets forth guidelines to follow in imposing sentence and mandates that the sentencing court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence in order to ensure that each sentence is individualized to the offender and the offense. State v. Lofton, 528 So.2d 188 (La.App. 3rd Cir. 1988); State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Jones, 398 So.2d 1049 (La.1981). The sentencing court need not articulate every aggravating and mitigating circumstance; however, the record must reflect that it adequately contemplated the sentencing guidelines. State v. Grey, 408 So.2d 1239 (La.1982); State v. Franks, 373 So.2d 1307 (La.1979), cert. den., 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed. 2d 818 (1981).
*196 After a thorough review of the sentencing hearing, we are satisfied that the sentencing court complied with LSA-C.Cr.P. Art. 894.1. Defendant is a second habitual offender in that he was convicted of simple burglary and criminal damage to property in 1982. Defendant also admitted being convicted and placed on probation for burglary in 1979. Defendant was found to be a juvenile delinquent twice for theft. The sentencing court found defendant had a complete disregard for the property rights of others, especially in light of defendant being charged with unauthorized entry of a place of business within thirty days of being released from prison for simple burglary and criminal damage to property. The sentencing court went on to find that defendant had demonstrated a propensity to commit thefts and burglaries and that a lesser sentence would deprecate the seriousness of this offense.
Defendant was sentenced pursuant to the Habitual Offender Law in that he was found to be a second felony offender. At the sentencing hearing, the court found and defendant admitted that he had been convicted of simple burglary and criminal damage to property. LSA-R.S. 15:529.1 provides in pertinent part:
"A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: (1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction."
Since unauthorized entry of a place of business provides for a maximum term of imprisonment for 6 years, defendant's range of incarceration was a minimum of 2 years to a maximum of 12 years. Therefore, defendant's sentence of 10 years was within the statutory guidelines provided in LSA-R.S. 15:529.1.
Even though within the statutory limit, a sentence may violate a defendant's constitutional right against excessive punishment. State v. Lofton, supra; State v. Sepulvado, 367 So.2d 762 (La.1979); La. Const. Art. I, Sec. 20 (1974).
We do not feel defendant's sentence is excessive in that he is an habitual offender and has shown no desire to discontinue a life of crime. Defendant has already served a sentence for simple burglary and criminal damage to property. Approximately thirty days after being released from prison for these offenses, he was charged and subsequently convicted of the crime in the case sub judice. Accordingly, we find that the sentencing court did not abuse its sentencing discretion. Therefore, this assignment of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.