JOAN BERNARD ARMSTRONG, Chief Judge.
|,STATEMENT OF THE CASE:
Defendant, Robert Brown, was charged by bill of information with simple burglary, a violation of La. R.S. 14:62. On March 1, 2007, defendant was arraigned and entered a plea of not guilty. On March 21, 2007, the district court denied the motion to suppress the evidence and found probable cause to hold defendant for trial. On May 30, 2007, the state amended the bill of information to charge defendant with unauthorized entry into a place of business, a violation of La. R.S. 14:62.4; a jury convicted the defendant of the amended charge. On June 6, 2007, the state filed a multiple bill of information against defendant; the multiple bill was withdrawn on November 15, 2007, and defendant was sentenced to serve three years at hard labor with credit for time served.

STATEMENT OF THE FACTS:

Officer Bryan Rice testified that on December 9, 2006, he and his partner, Officer David Finneman, received a call telling him that two subjects in a brown pickup truck were possibly casing the St. Francis Cabrini School property located at Paris Avenue and Prentiss Avenue. Upon arrival at the location the officers observed a brown pick up truck parked on the street in the 5500 block of Perlita Drive, adjacent to the school. They observed the school was “gutted” because ofjjflood damage caused by Hurricane Katrina. Officer *549 Rice stated that he and Officer Finneman entered the school through an open door on the Perlita Drive side and walked across the building to the Paris Avenue side. As the officers entered what appeared to be a boiler room or power plant room, they observed defendant and Roger Bailey,[1] defendant’s codefendant, standing next to a cut water pipe from which water was gushing and pooling onto the floor. They observed a pipe cutter on the floor and two different lengths of copper pipe. The pipe appeared to have been freshly cut with a pipe cutter or metal snips because the ends were shiny and not tarnished. Officer Rice testified that he arrested defendant and informed him of his Miranda rights. Defendant told the officers that he had permission to take whatever he wanted by a “Father Robert” and an unknown FEMA worker. Officer Rice stated that defendant admitted ownership of the brown pickup truck. Officer Rice testified that a search of Roger Bailey incident to his arrest revealed a pair of wire cutters and metal snips.
On cross-examination, Officer Rice testified that he observed defendant and Roger Bailey standing in the boiler room. He stated that the pipe that appeared freshly cut was the pipe from which the water was gushing out onto the floor. He stated that defendant was unsure of the name of “Father Robert” and was unable to identify the unknown FEMA worker who allegedly gave him permission to take whatever he wanted, and he had no contact information for either of these people. He testified that defendant’s truck was parked approximately one block from the school. The truck was not searched. He stated that he did not see either defendant |p,or Bailey cut the pipe, and he did not ask defendant or Bailey if they owned the pipe cutting tool lying on the floor next to the cut pipe.
On re-direct examination, Officer Rice testified that the cut pipe was located on the floor a few feet from defendant and that cut sections of pipe were missing from the wall area.
Officer David Finneman testified that on December 9, 2006, at approximately 10:38 a.m. he and his partner received a call that the Cabrini School, located at the corner of Paris Avenue and Prentiss Avenue, was being burglarized. He described the school building as open and heavily damaged from Hurricane Katrina. He stated that the caller described a brown truck that the two suspects had been driving. A truck meeting the description and license number was found parked about one block from the school in the 6500 block of Perlita Drive. Upon entering and searching the school, Officer Finneman and his partner found the defendant and his co-defendant, Roger Bailey, inside what appeared to be a power room. The defendant and Bailey were ordered to put their hands up and lie down on the floor where they were handcuffed. He observed some cut pipes with water running out and pooling onto the floor. He stated that the pipes appeared to be freshly cut because the cut ends were shiny. A cutting tool was found on the floor within a few feet of the suspects. Also, several additional cut pipes were lying on the floor in close proximity to the suspects. He testified that he searched Roger Bailey and found a pair of tin snips and wire cutters on his person.
On cross-examination, Officer Finneman testified that it took a “few minutes” to arrive at the school after receiving the dispatch. He stated that he believed the pipe had been freshly cut because the cut ends were shiny. He stated |4that he did *550 not ask either the defendant or Bailey if the pipe cutters belonged to them, and he did not fingerprint the pieces of pipe because he had to accompany defendant to the hospital after the defendant complained of chest pains. He further stated that he did not witness either the defendant or Bailey cut the pipes.
Lieutenant Dale Haydel testified that he is the assistant commander of the New Orleans Police Department’s evidence and property department. He identified two lengths of copper pipe with insulation, a pair of Wiss tin snips with a green handle, a pair of Kobalt nickel wire cutters with a blue handle, a gray Superior pipe cutter with serial number 350, and three digital photographs of the defendant’s truck. He stated that these items were placed in evidence by the investigating officer. Each item was given a bar code number and tagged with that number.
On cross-examination Lieutenant Hay-del testified that the items of evidence were confiscated on December 18, 2006 at approximately 12:00 noon and entered on the evidence book by Officer Butler.
Andre Villere, Jr. testified that he is employed by the Archdiocese of New Orleans as the Director of the Building Office. He stated that his duties and responsibilities consist of taking care of all of the buildings in the archdiocese, assisting parishes with construction projects, overseeing all work performed at the various institutions owned by the archdiocese, and handling all invoices. He stated that St. Francis Cabrini School is one of the buildings that he is responsible for managing. He testified that there are three “Father Roberts” in the archdiocese but none are affiliated with the Cabrini School and none would have the authority to give permission to anyone to remove property from the school. He stated that if permission had been given to remove copper pipe from the school that his office | ¿would have been aware of it. He stated that he was not aware of any permission that was given to anyone to remove anything from the Cabrini School and that he was not aware of any permission given to defendant to remove copper pipe from the school.
On cross-examination Mr. Villere testified that he remembered having a telephone conversation with defense counsel and discussing Holy Cross School but he did not remember the details of the conversation. He stated that Holy Cross School had purchased the St. Francis Cabrini School site but that the act of sale had not yet been signed. He stated that three contractors, ICI, AKT and Hamps Construction, were all hired to complete work on the site. He testified that he had no personal knowledge if anyone working for the contractors or FEMA gave defendant permission to remove copper pipe from the school.
Detective Douglas Butler testified that he participated in the investigation of the burglary at the Cabrini School in December 2006. He stated that he recovered several items of evidence found at the scene and logged them into the Central Evidence and Property room and was given a receipt for the items. He identified the items as two lengths of copper pipe with insulation, a pair of Wiss tin snips, one blue and yellow nickel wire cutter, one pipe cutter and three digital photographs of the defendant’s truck.

ERRORS PATENT:

A review for errors patent reveals none.

DISCUSSION:

ASSIGNMENT OF ERROR NUMBER 1:

In a single assignment of error, the defendant argues that the evidence is insufficient to support a conviction for unauthorized entry of a place of business.
*551 | ^Specifically, the defendant argues that the state failed to prove the following facts essential to a conviction of the crime of unauthorized entry of a business: (1) that the Cabrini School was in fact a “place of business;” (2) that it was enclosed by a physical barrier at least six feet in height; (3) and that the property was not abandoned. Defendant also suggests that he had permission to enter and remove the copper pipe from the Cabrini School.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012. This is not a separate test from Jackson v. Virginia, but is instead an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431 (La.App. 4th Cir.11/30/95), 665 So.2d 1224.
| 7To convict a defendant of unauthorized entry into a place of business, the state must prove beyond a reasonable doubt that the defendant intentionally entered without permission any structure or premises, belonging to another, that is completely enclosed by any type of physical barrier of at least six feet in height and used in whole or in part as a place of business.
A place of business is defined as a place of employment, occupation, profession, enterprise or commercial activity engaged in for gain or livelihood in which a person shows willingness to invest time and capital on the future outcome. State v. Coleman, 528 So.2d 192, 195 (La.App. 3 Cir. 1988); Black’s Law Dictionary, 179 (5th ed.1979).
Abandoned property is defined as property to which an owner has relinquished all right, title, claim and possession, with the intention of not reclaiming it or resuming its ownership, possession or enjoyment. Black’s Law Dictionary, 3 (5th ed.1979).
The evidence adduced at trial proved beyond a reasonable doubt that the Cabrini School was a building completely enclosed by physical barriers such as walls and doors of at least six feet in height. Although it was not functioning as a school at the time of the burglary, it was not abandoned and was still functioning as a “place of business” within the meaning of La.R.S. 14:62.4. Andre Villere testified that the school property was being renovated as Holy Cross High School at the time of the burglary, and that he did not give defendant permission to enter and remove the copper pipe from the building. The defense failed to present any evidence to support defendant’s contention that he was given permission to enter and remove the copper pipe from the school property.
*552 1 sViewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of unauthorized entry into a place of business beyond a reasonable doubt.

DECREE.

For the foregoing reasons, the defendant’s conviction and sentence are hereby affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. On May 9, 2007, Roger Bailey pleaded guilty to simple burglary. He was sentenced lo serve two years at hard labor with credit for time served.