**Affirmed and Memorandum Opinion filed August 20, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00215-CR

**ADRIAN JULIANE BOUTTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 17425**

## MEMORANDUM OPINION

The trial court revoked appellant's deferred adjudication community supervision, adjudicated appellant's guilt for an enhanced felony theft, and sentenced appellant to forty years' imprisonment. Appellant challenges the trial court's revocation of community supervision in two issues, contending that the evidence is insufficient to support the trial court's findings and that his trial counsel was ineffective. We affirm.

# I. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends that the evidence is insufficient to support the trial court's findings that appellant violated the terms of his community supervision by failing to report to his supervision officer within forty-eight hours of being arrested and by committing an offense against the laws of Louisiana—unauthorized entry of a place of business, simple criminal damage to property, and theft. For each offense, appellant contends that there is no evidence "regarding the owner's consent/authority element."

## A. Standard of Review

We review a trial court's decision to revoke deferred adjudication community supervision for an abuse of discretion. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). A trial court has discretion to revoke community supervision if a preponderance of the evidence supports the violation of a condition of the community supervision. *Id.* Proof of a single violation will support the trial court's decision to revoke. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Under the preponderance standard, the State must prove that the greater weight of the credible evidence would create a reasonable belief that the defendant violated a condition of community supervision. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). This standard "has been described as a review for whether there is 'more than a scintilla' of evidence." *Id.* (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010)). The standard is not met when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence or when the factfinder must guess whether a vital fact

2

exists. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given to the testimony. *Id.*

## B.    Evidence

The State adduced testimony from two Louisiana police officers and one of appellant's supervision officers. The police officers testified that they were investigating the theft of tires and rims from a Buick dealership in Baton Rouge, Louisiana, during one night in January 2017. A six-foot chain-link fence surrounded the dealership, and it had been cut through. About forty vehicles at the dealership were "lifted up on the air on cut wooden blocks with no tires or rims on." About $120,000 worth of tires and rims were taken.

The complainant reported seeing a U-Haul truck backed up to the hole in the fence. When the complainant approached the truck, the U-Haul drove away. A police officer searched interstate license plate readers and found one U-Haul truck that entered Baton Rouge and then traveled away from Baton Rouge at a time that was consistent with the theft. An officer learned that the truck had been rented to a woman in Texas City, and the woman rented the truck for the benefit of a third party. After speaking with the woman, the officers determined appellant's identity and cell phone number. She identified appellant in a photo lineup.

The Louisiana officers, working with the Harris County Sheriff's Office, arrested appellant on February 7, 2017. They confirmed appellant's cell phone number, searched it pursuant to a warrant, and learned that the phone was in the area of the Buick dealership at or near the time of the theft. The officers also discovered 88 of the 120 missing rims and tires, along with wooden blocks, in a storage facility in Houston "due to discussions that [they] had with [appellant]."

3

A supervisor for the Probation Department of Grimes County testified that she assisted in the supervision of out-of-county probationers, including appellant. She testified that she maintained records for out-of-county probationers. She acknowledged that appellant reported to a different supervision officer in Harris County. She testified that appellant did not report his February 7 arrest within forty-eight hours of the arrest.

## C.    Analysis

Each of the Louisiana offenses that the State alleged appellant had committed to support the violation of the terms of his community supervision required proof that appellant lacked the complainant's consent or permission to engage in the proscribed conduct. *See State v. Brown*, 3 So.3d 547, 551 (La. Ct. App. 2008) (unauthorized entry into a place of business); *State v. Ramsdell*, 949 So.2d 508, 511 (La. Ct. App. 2006) (theft); *State v. Shaw*, 850 So.2d 868, 875 (La. Ct. App. 2003) (simple criminal damage to property). Appellant contends that evidence of this element is lacking.

In both Texas and Louisiana, lack of consent may be proven by circumstantial evidence. *See, e.g.*, *State v. Perry*, 408 So.2d 1358, 1363 (La. 1982); *Long v. State*, 525 S.W.3d 351, 364 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (citing *Hathorn v. State*, 848 S.W.2d 101, 107 (Tex. Crim. App. 1992), and *Taylor v. State*, 508 S.W.2d 393, 394–97 (Tex. Crim. App. 1974)). For example, in *Williams v. State*, the Court of Criminal Appeals held that there was sufficient evidence of a lack of consent for theft when the defendant removed a dress from a store's clothing rack, put it in his coat, and left the store with it almost completely concealed. *See* 591 S.W.2d 873, 876 (Tex. Crim. App. 1979) (reasoning, when the owner did not testify, that it was a "completely unreasonable hypothesis" that the owner had provided consent for the taking of the dress).

4

Here, the trial court could have reasonably inferred by a preponderance of the evidence that appellant lacked the owner's consent to cut through the property's chain link fence at night, remove $120,000 worth of tires and rims from vehicles on the property by leaving the vehicles on wooden blocks, load the tires and rims into a U-Haul truck, and transport them from Baton Rouge to a storage facility in Houston, where most, but not all, of the missing tires and rims were discovered. There is sufficient evidence to support the "lack of consent" element for each offense appellant was alleged to have committed as a violation of the conditions of his community supervision. *Cf. id.*

Moreover, one of appellant's probation officers testified unequivocally that appellant did not report his arrest within forty-eight hours, as required by the conditions of his community supervision. As the sole judge of the witness's credibility, the trial court could have credited this testimony and revoked appellant's community supervision for this reason alone. *See Hacker*, 389 S.W.3d at 865; *Garcia*, 387 S.W.3d at 26; *see also Corpus v. State*, 26 S.W.3d 660, 662 (Tex. App.—Corpus Christi 2000, no pet.) (upholding revocation based solely on testimony of probation officer concerning arears of restitution); *cf. Gloth v. State*, No. 06-13-00047-CR, 2013 WL 3961209, at *2 (Tex. App.—Texarkana July 31, 2013, no. pet.) (mem. op., not designated for publication) (revocation based on failure to report arrest); *Weavers v. State*, No. 07-06-0260-CR, 2007 WL 2891068, at *1 (Tex. App.—Amarillo Oct. 4, 2007, no pet.) (mem. op., not designated for publication) (same).

The trial court did not abuse its discretion by revoking appellant's community supervision and adjudicating guilt. Appellant's first issue is overruled.

## II.    INEFFECTIVE ASSISTANCE

In his second issue, appellant contends that he was denied effective assistance of counsel by failing to investigate alibi witnesses and call them at the adjudication hearing.  Appellant relies on two purported affidavits attached to his motion to abate the appeal, which this court denied.

### A.    Legal Principles

To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the appellant prejudice such that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010).  An appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence.  *See Perez*, 310 S.W.3d at 893.

Often a claim of ineffective assistance may not be addressed on direct appeal because the record is not sufficient to conclude that counsel's performance was deficient under the first *Strickland* prong.  *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005); *see also Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  "Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation." *Salinas*, 163 S.W.3d at 740. "To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quotation omitted).  If counsel has not had an opportunity to explain their actions, we may

6

not find deficient performance unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quotation omitted).

## B.    Analysis

Appellant has not established deficient performance and prejudice by a preponderance of the evidence.

Regarding the alleged deficient performance, nothing in the record indicates that counsel failed to investigate an alibi defense or lacked a strategic reason for not calling witnesses. *See Lumpkin v. State*, 129 S.W.3d 659, 665 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (refusing to find ineffective assistance based on failure to call witnesses when the record was silent as to counsel's strategy; refusing to "speculate about the reasons that appellant's trial counsel did not call these witnesses to testify"). The record does not show that the two purported alibi witnesses would have been available to testify. *See, e.g.*, *Stokes v. State*, 298 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) ("A claim of ineffective assistance based on trial counsel's failure to call a witness cannot succeed absent a showing that the witness was available to testify and that the witness's testimony would have benefitted the defense.").

Moreover, appellant has not established prejudice because the purported alibi witnesses' testimony would have had no effect on the trial court's finding that appellant violated a condition of community supervision by failing to report his arrest to his supervision officer within forty-eight hours. *See Smith v. State*, 286 S.W.3d 333, 342–44 (Tex. Crim. App. 2009) (no prejudice from failure to adduce evidence that related to only one of four violations of the conditions of community supervision that the trial court found the defendant had committed because, even assuming that the defendant could have successfully challenged one of the

violations, the trial court was justified in revoking community supervision based on the other violations).

Appellant's second issue is overruled.

### III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/     Ken Wise
         Justice


Panel consists of Justices Christopher, Wise, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).